# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-116-TLS-APR-1 |
| BASIL UBANWA | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Advance Trial Date [ECF No. 19], filed on August 22, 2019. For the reasons stated below, this Motion is DENIED.

## BACKGROUND

On October 17, 2018, the Grand Jury charged the Defendant with (1) conspiracy to commit health care fraud, (2) health care fraud, and (3) Medicaid health care fraud [ECF No. 1]. *See* 18 U.S.C. §§ 371, 1347. On November 2, 2018, the Court conducted an arraignment hearing [ECF No. 5] at which the Government moved, without objection, to designate the case as complex. The Court found that "this is [a] COMPLEX case and the time from now until the next status conference is excluded under the Speedy Trial Act." The Court scheduled the next status conference for April 1, 2019. The Defendant was also released on a $20,000 unsecured appearance bond.

On April 1, 2019, the Court conducted a status conference hearing [ECF No. 12]. At the hearing, the parties indicated that they anticipated a three-week trial. Defense counsel requested a continuance to allow for additional time to review discovery, and the Court granted this request. The Court scheduled another status conference for July 22, 2019. The Court found that

"due to the complexity of [the] case and in the interests of justice, the time period from now until the next status conference is excludable under the Speedy Trial Act."

On July 2, 2019, the Government filed a Motion, without objection, to continue the status conference so that the parties could continue plea negotiations. Pl.'s Unopposed Mot. to Continue Status Date 1–2, ECF No. 14. On July 8, 2019, the Court granted this motion [ECF No. 15]. The Court rescheduled the status conference for August 5, 2019.

On August 5, 2019, the Court conducted a status conference [ECF No. 17]. The Government requested a trial date in May 2020, and the Defendant did not object. The Court found that "due to [the] complexity of [the] case and in the interest of justice, the time period from now until the May 2020 trial setting is excludable under the Speedy Trial Act." The Court scheduled the Defendant's trial to begin on May 11, 2020 [ECF No. 18].

On August 22, 2019, the Defendant filed a Motion requesting that his trial start in November 2019. Def.'s Mot. to Advance Trial Date 2–3, ECF No. 19. On August 23, 2019, the Government filed a Response [ECF No. 20]. On August 29, 2019, the Defendant filed a Reply to the Response [ECF No. 21]. On September 3, 2019, the Defendant filed a Motion to Set Hearing Date [ECF No. 22].

## ANALYSIS

The Defendant, within his Motion, "asserts his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act." Def.'s Mot. to Advance Trial Date 2–3, ECF No. 19. For the reasons that follow, this Motion is denied.

A.      **The Speedy Trial Act**

The Court first concludes that an expedited trial pursuant to the Speedy Trial Act is not warranted in this case. The Speedy Trial Act "provides that a defendant must go to trial within seventy days of either the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever is later." *United States v. Hills*, 618 F.3d 619, 625 (7th Cir. 2010) (citing 18 U.S.C. § 3161(c)(1)). "If a defendant is not brought to trial within that seventy-day window, the indictment against the defendant must be dismissed upon the defendant's motion." *Id.* at 625–26 (citing 18 U.S.C. § 3162(a)(2)).

"However, certain periods of time between arraignment and trial are excluded from the Speedy Trial calculation." *United States v. Larson*, 417 F.3d 741, 744–45 (7th Cir. 2005) (citing 18 U.S.C. § 3161(h)). For example, the Speedy Trial Act "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498–99 (2006). One such factor is whether the criminal case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

In this case, at the Defendant's arraignment, the Court found that this was a complex case and that "the time from now until the next status conference is excluded from the Speedy Trial Act." Docket Entry, ECF No. 5. At the next status conference on April 1, 2019, the Court found that "due to the complexity of [the] case and in the interests of justice, the time period from now

3

until the next status conference is excludable under the Speedy Trial Act." Docket Entry, ECF No. 12. At the next status conference on August 5, 2019, the Court found that "due to [the] complexity of [the] case and in the interest of justice, the time period from now until the May 2020 trial setting is excludable under the Speedy Trial Act." Docket Entry, ECF No. 17. Accordingly, due to these prior exclusions of time, the Speedy Trial Act has not been violated.

Turning to the merits of the Defendant's request for an expedited trial date, the Court finds that the Defendant's case is still complex. The parties originally assumed this would be a four-week trial, which indicates that the parties believe that the case involves complex issues of fact. Moreover, the Grand Jury charged the Defendant with (1) conspiracy to commit health care fraud, (2) health care fraud, and (3) Medicaid health care fraud. These charges, as noted by the Seventh Circuit, are legally complex. *See generally United States v. Borrasi*, 639 F.3d 774, 784 (7th Cir. 2011) (noting the complexity of Medicare fraud cases). Thus, due to this complexity, the Court finds that "the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner*, 547 U.S. at 498–99. Accordingly, the time period from the Defendant's August 5, 2019 status conference until his May 2020 trial remains excludable under the Speedy Trial Act.

**B.     The Sixth Amendment**

The Court also concludes that an expedited trial pursuant to the Sixth Amendment is not warranted. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "The Sixth Amendment right to a speedy trial is similar to, but separate from, the right created by the Speedy Trial Act." *United States v. Ward*, 211 F.3d 356, 360 (7th Cir. 2000). In order to determine whether a defendant has been deprived of his

4

constitutional right to a speedy trial, courts evaluate "[(1)] whether the delay before trial was uncommonly long, [(2)] whether the government or the criminal defendant bears more of the blame for that delay, [(3)] whether the defendant asserted his right to a speedy trial in due course, and [(4)] the extent of prejudice that the defendant suffered as a result of the delay." *United States v. Patterson*, 872 F.3d 426, 435 (7th Cir. 2017) (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

Regarding the first factor, because the charges have been pending for over a year, there is a presumption of prejudice. *See United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) (noting that a delay greater than one year is presumptively prejudicial). However, the second factor weighs against the Defendant because the delay is justifiable due to the complexity of this case. *See United States v. Bass*, 460 F.3d 830, 836 (7th Cir. 2006) ("Delays due to the complexity of the case . . . support a finding that no Sixth Amendment violation occurred."). Further, the Defendant—up to this most recent request—has agreed to continue his case and has requested a continuance. Turning to the third factor, the Defendant has not asserted his right to a speedy trial in due course. Instead, after the Defendant consented to numerous continuances and agreed to a May 2020 trial, he thereafter filed a motion requesting an expedited trial.

As to the fourth factor, the Defendant has suffered no apparent prejudice. Courts consider three interests when evaluating prejudice: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *West v. Symdon*, 689 F.3d 749, 752–53 (7th Cir. 2012). As to the first interest, the Defendant is currently out on bond. *See United States v. Salerno*, 108 F.3d 730, 738 (7th Cir. 1997) ("Finally, defendant cannot convincingly claim that he was prejudiced by the 'unresolved criminal charges looming over his head.' He was neither incarcerated during the 17-month

period, nor did he seek to modify his bond conditions during that time."). As to the second, the Defendant's anxiety, his Motion is non-specific as to how it relates to his heart condition. As to the third interest, the Defendant has not detailed how the May 2020 trial would impair his defense. *See, e.g., West*, 689 F.3d at 753 ("The focal point of West's appeal centers on the question [of] whether his defense was harmed because his alleged alibi witness . . . died during the delay."). Thus, because the second, third, and fourth factors weigh against the Defendant, he has not sufficiently demonstrated that his constitutional right to speedy trial has been violated. Accordingly, under the current record of facts of this case, the Defendant has not presented an adequate basis for an expedited trial.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Advance Trial Date [ECF No. 19] is DENIED at this time. Additionally, the Defendant's Motion to Set Hearing Date [ECF No. 22] is DENIED as unnecessary.

SO ORDERED on September 4, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT